Thomas A. Rist (SBN 238090)
**RIST LAW OFFICE, LC**
2221 Camino Del Rio South, Suite 300
San Diego, CA 92108
(619) 377-4660
tom@sdvictimlaw.com

Attorney for Defendant

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BING SHEN,<br>Defendant. | Case No.: 25-CR-01765-020-TWR<br>**DEFENDANT'S SENTENCING MEMORANDUM**<br>Date: July 7, 2026<br>Time: 9:30 a.m. |

Defendant Bing Shen, through counsel, Thomas Rist, submits the following Sentencing Memorandum.

## I. SUMMARY SENTENCING RECOMMENDATION

Mr. Shen respectfully requests a sentence of 24 months in this matter.

## II. INTRODUCTION

18 U.S.C. § 3553(a) directs a court to "impose a sentence sufficient, but not greater than necessary." A sentence in this case of 24 months meets section 3553(a)'s primary directive to "impose a sentence sufficient, but not greater than necessary to comply with the purposes of sentencing."

## III. §3553 FACTORS

### A. The Nature and Circumstances of the Offense, and History and Characteristics of the Offender (§3553(a)(1))

#### 1. The Offense

The actions of Mr. Shen in the instant case were a very small part of what was a larger conspiracy involving numerous individuals in several states and at least three different countries. The overall criminal scheme established by the primary conspirators in the case involved a scam where victims were contacted through emails, phone calls or pop-ups that appeared on computers. The point of all of these contacts was to have the victim call a call center. Once they did this, a variety of pre-scripted scams and social engineering techniques were used to gain remote access to a victim's computer.

Once the primary conspirators had access to the computer, they would use techniques to have the victims essentially disclose banking and other personal information. The primary conspirators then instructed victims on wiring money to foreign bank accounts, purchasing gift cards, or sending packages of cash via express mail to various locations in the United States.

The locations in the United States where packages of money or gift cards were sent were short-term rentals or Airbnbs. Several of these short-term rentals would be rented in the same area. One of these would serve as a "hub" and the others would serve as a "spoke" locations. The spoke locations are the addresses where victims were told to send packages. Those packages would then be delivered to the hub location.

Mr. Shen was recruited into this conspiracy by a friend who told him about an "easy" job that was in Las Vegas and only required a few hours per day of work and paid $200 per day. The recruiter provided him with a car and paid for a round-trip flight to Las Vegas. While in Las Vegas Mr. Shen was directed to go to specific short-term rentals and wait on the package delivery with a fake ID that was created by co-conspirators with Mr. Shen's picture on them. Once the package was delivered by Fed Ex or UPS, Mr. Shen would then drive that package from the spoke to the hub as directed by the managers of the conspiracy. While the conspiracy itself spanned in excess

of three years, Mr. Shen was only involved in picking up and delivering packages during a five-week time period.

Mr. Shen's own Airbnb account was utilized to rent several of the locations in Las Vegas. At times his account was also used by others to book other short-term rentals. Payment for the rentals was reimbursed by the recruiter who required access to his Airbnb account. Mr. Shen would be paid cash each day he worked. The total that he earned doing this for five weeks appears to have been around $5,000.

Mr. Shen has expressed extreme remorse at what happened in this case. He admits that he realized that the scheme that was being perpetrated was illegal. He genuinely had no idea the extent of the conspiracy and is embarrassed that this caused harm to so many different people.

**2. History and Characteristics of Defendant**

Mr. Shen is a citizen of China. He has been legally residing in the United States as a lawful permanent resident and has lived here for around twelve years. Mr. Shen's childhood was described as lonely as both of his parents were so busy working that he had to live at a boarding home until he was old enough to attend school.

Mr. Shen graduated high school and obtained a four-year degree in finance from a university in Zhengzhou. Mr. Shen started working for high end cosmetics manufacturers in China after his graduation including Dior and Chanel. He came to the United States to continue working for Chanel and did this until 2024 when he went back to China for several months to care for his sick mother. Upon returning to the United States, he started working for Dior again. He has lived and worked in the New York City area the entire time that he has resided in the United States.

Mr. Shen is married and his wife still resides in China. He describes the relationship as good despite the distance and he looks forward to reunifying with her once this case is over. Mr. Shen has a completely clean criminal history and he has never been in trouble before this case.

**B. The Need for the Sentence Imposed**

U.S.C. § 3553(a)(2) provides for a court to examine several factors involving the need for the sentence imposed. Here, a sentence of twenty-four months is reasonable and provides an

overall deterrent to any further criminal conduct. Mr. Shen understands that he will be facing severe immigration consequences as a result of his conviction and it is a near certainty that he will be deported back to China upon his release from prison.

## IV. ARGUMENT

Mr. Shen has taken responsibility for what happened in this case and quickly accepted a plea offer. The defendant argues that he qualifies for minimal role when the roles of all participants in the conspiracy are contrasted to the actual actions of Mr. Shen. The small amount of money that he was paid and the very limited amount of time that he participated in the conspiracy are factors that should be taken into consideration when considering a reduction for minimal role.

### a. Minimal Role

Mr. Shen is seeking a 4-level decrease in his base offense level pursuant to USSG § 3B1.2(a). All facts point to him being a minimal participant at best because he was nothing more than a package courier in this case for a five-week time period. Determining whether a Defendant is eligible for this decrease typically turned upon the question of his culpability in comparison to other participants in the criminal activity.

“A defendant who is 'plainly among the least culpable of those involved in the conduct of a group' may receive a 'minimal' role adjustment, which comes with a Sentencing Guidelines reduction of at least four levels. *United States v. Dominguez-Caicedo*, 40 F.4th 938 (9th Cir. 2022)(citing USSG § 3B1.2(a), cmt. 4). “A defendant ‘who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal’ may receive a ‘minor’ role adjustment, which provides a reduction of at least two levels. *Id.* (citing USSG § 3B1.2(a), cmt. 5). To be eligible for either adjustment, the defendant must also be "substantially less culpable than the average participant in the criminal activity." *Id.* (citing USSG § 3B1.2(a), cmt. 3(A)).

The 9th Circuit has provided three steps to be followed in cases dealing with minor role:

> To determine whether a defendant is substantially less culpable than the average participant in the offense, a district court must proceed in three steps. First, the court must identify all of the individuals for whom there is sufficient evidence of their

> existence and participation in the overall scheme. Second, the court must calculate a rough average level of culpability for these individuals, taking into consideration the five factors in comment 3(C) to the Mitigating Role Guideline. Third, the court must compare the defendant's culpability to that average. If the defendant is substantially less culpable than that average and meets the other criteria, he should be granted a mitigating role adjustment. If the defendant is not substantially less culpable than that average, he is not eligible for the adjustment.

*Id.* at 960 (citations omitted).

The number of individuals involved in the overall conspiracy could number in excess of 100 in this case. For simplicity, the United States clearly has identified the following co-conspirators:

1. Primary Organizers of the overall scheme;
2. Call center managers in India;
3. Call center employees in India;
4. Operators of computers who would take control of victim's computers;
5. Managers of the short-term rental hub centers;
6. Operators working out of the hub centers who converted money into cryptocurrency or other forms to transfer the funds overseas; and
7. Package retrievers (similar to Shen)

There is no question that Mr. Shen was minimally involved for two reasons. First, this was a fraud that was perpetrated for over three years. During that time, Mr. Shen participated for roughly five weeks. His participation was extremely limited as one of the package retrievers who acted at the direction of the hub managers. Second, the money paid to Mr. Shen is absolutely miniscule in comparison to the amount of money alleged to have been taken in this case. While he was paid roughly $5,000 in total, the overall conspiracy involved millions of dollars.

The notes to §3B1.2 identify what appears to be this exact case: "[a] defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the criminal activity may receive an adjustment under this guideline. For example, a defendant who is accountable under §1B1.3 for a loss amount under §2B1.1 (Theft, Property Destruction, and Fraud) that greatly exceeds the

defendant's personal gain from a fraud offense or who had limited knowledge of the scope of the scheme may receive an adjustment under this guideline." Application Note 3(A), USSG § 3B1.2.

In comparing Mr. Shen's culpability to others, he had no managerial role in the conspiracy and he directed no one else as to what they were supposed to do. He had no idea about the scope and structure of the criminal activity or how even the fraud that was being perpetrated. He did not plan or organize the criminal activity, only taking directions from others on what to do. Mr. Shen had absolutely zero decision making authority. He was directed by someone at a hub location as to where to go and then where to bring packages that were delivered to him.

There are a number of individuals who are substantially more culpable than Mr. Shen including primary organizers of the scheme itself, call center managers, call center employees who had direct contact with victims, operators of computers that took control of victim's computers, and managers of the short-term rental hub centers. Arguably, Mr. Shen would have less culpability than other package couriers in large part because he only participated in the conspiracy for 5 weeks. This is only 3% of the time that the total conspiracy was operating if we assume it operated for only three years. Finally, the benefit which Mr. Shen obtained for participating in the criminal activity was severely limited. A payment of around $5,000 for being involved in this conspiracy for five weeks is extremely small compared to the overall fraud that occurred.

All of these factors point to Mr. Shen being eligible for a four-point minimal role adjustment under USSG § 3B1.2(a).

**b. Other Factors**

Mr. Shen has absolutely zero criminal history and was working and living in New York City prior to the filing of the instant case. He has shown clear regret for what happened and is especially embarrassed that many of the victims of the fraud were elderly. Looking at the support letters that are attached as Exhibit 1 to this memorandum, it appears that Mr. Shen is a hard-working individual who took pride in helping others inside and outside of work. During his time incarcerated, Mr. Shen took 61 courses totaling 120 hours of learning. See Exhibit 2. He also

received a work performance evaluation noting that he has a great attitude and is always willing to work. See Exhibit 3.

It appears that the actions of Mr. Shen in becoming involved in this conspiracy were a once off bad decision that is not likely to ever be repeated.

## V. CONCLUSION

Mr. Shen requests a sentence of twenty-four months. This sentence would be sufficient, but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Dated: June 25, 2026

Rist Law Office, LC

By: /s/ Thomas A. Rist
Thomas A. Rist